UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JACK EVERN                                                                                    PLAINTIFF

V.                                                        CIVIL ACTION NO. 3:17-CV-941-DPJ-FKB

BRADFORD CHISOLM, ET AL.                                                         DEFENDANTS

ORDER

This civil-rights case is before the Court on Defendants' motions to dismiss [4, 10] filed under Federal Rule of Civil Procedure 12(c). For the reasons that follow, the Court grants the Motion to Dismiss [4] filed by Defendants Rankin County, Mississippi, and Sheriff Bryan Bailey (the "Rankin Defendants"). The Motion to Dismiss [10] filed by the City of Pearl, Mississippi, and Officer Bradford Chisholm (the "Pearl Defendants") is denied in part as to some of the individual-capacity claims against Officer Chisholm and otherwise granted.

I.    Background

Plaintiff Jack Evern says he was wrongfully charged with two felony offenses and then remained in the Rankin County Jail for almost a year before being released. It all started on November 27, 2014, when Evern was a passenger in a car that was stopped at a checkpoint. Compl. [1] ¶ 10. Officers discovered that Evern possessed a 9mm firearm, and Defendant Bradford Chisholm,[1] an officer with the Pearl Police Department, ran a background check on Evern and on the firearm. *Id.* ¶¶ 11–14. He learned that Evern had three felony *arrests*. *Id.* ¶ 12. He was also told the "hit confirmation [on the firearm] could not be sent to the Pearl Police Department, and further that the Jackson Police Department advised holding off on the hit confirmation." *Id.* ¶ 11. Nevertheless, Chisholm arrested Evern and later swore out two

---

[1] The Complaint incorrectly identifies this defendant as "Chisolm."

affidavits—one charging him with being a felon in possession of a firearm and the other with possessing a stolen firearm. *Id.* ¶ 13. But contrary to those affidavits, Evern was not actually a convicted felon and "there has never been a hit confirmation on the validity of the firearm that Mr. Evern was accused of possessing." *Id.* ¶ 14.

Despite his professed innocence, Evern waived his preliminary hearing and was remanded to the Rankin County Jail where he remained for 342 days before being released. *Id.* ¶ 16. He says that in that time he "suffered physical injuries, and developed an onset of seizures and even had to be hospitalized." *Id.* ¶ 17.

On November 27, 2017, Evern sued Officer Chisholm; the City of Pearl, Mississippi; Rankin County, Mississippi; and Rankin County Sheriff Bryan Bailey in his individual and official capacities. In general terms, the pleaded claims against the Pearl Defendants relate to the arrest and affidavits, whereas the claims against the Rankin Defendants relate to Evern's injuries while incarcerated. All four defendants seek dismissal under Rule 12(c), and the Court has personal and subject-matter jurisdiction.

II. Standards of Review

A. Rule 12(c)

Under Rule 12(c), the Court applies "the same standard as a motion to dismiss under Rule 12(b)(6)." *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008). Accordingly, the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) (per curiam)). But "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to

legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To overcome a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations and footnote omitted).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)). "This standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." *In re S. Scrap Material Co., LLC*, 541 F.3d 584, 587 (5th Cir. 2008) (citing *Twombly*, 550 U.S. at 556).

B.  Qualified Immunity

Evern sues both Chisholm and Bailey in their individual capacities, and both Defendants assert their right to qualified immunity. As the Fifth Circuit neatly summarized:

> [T]he doctrine of qualified immunity protects government officials from civil damages liability when their actions could reasonably have been believed to be legal. This immunity protects all but the plainly incompetent or those who knowingly violate the law. Accordingly, we do not deny immunity unless existing precedent must have placed the statutory or constitutional question beyond debate. The basic steps of this court's qualified-immunity inquiry are

3

> well-known: a plaintiff seeking to defeat qualified immunity must show: (1) that the official violated a statutory or constitutional right, and (2) that the right was clearly established at the time of the challenged conduct.

*Anderson v. Valdez*, 845 F.3d 580, 599–600 (5th Cir. 2016) (citation and quotation marks omitted, punctuation altered).

"[T]o hold that the defendant violated the law at step one of the qualified-immunity analysis . . . is simply to say that the plaintiff has stated a claim upon which relief may be granted." *Morgan v. Swanson*, 659 F.3d 359, 384 (5th Cir. 2011). To meet that burden, a plaintiff "must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity." *Hinojosa v. Livingston*, 807 F.3d 657, 664 (5th Cir. 2015) (internal quotation marks and citation omitted). Significantly, the burden is on the plaintiff to "demonstrate the inapplicability of the defense." *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002).

At step two, the plaintiff must show that the legal principle has "a sufficiently clear foundation in then existing precedent." *District of Columbia v. Wesby*, 138 S. Ct. 577, 589 (2018). "The rule must be settled law, which means it is dictated by controlling authority or a robust consensus of cases of persuasive authority." *Id.* (citations omitted). The rule cannot merely be "suggested by then-existing precedent," but must instead "be clear enough that every reasonable official would interpret it to establish the particular rule the plaintiff seeks to apply." *Id.* at 589–90. (citations omitted).

III.     Analysis

Evern asserts his claims under 42 U.S.C. § 1983, which provides a cause of action against any person who, under color of law, deprives another of "any rights, privileges or immunities secured by the Constitution and laws." Here, the Complaint asserts claims against all Defendants under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution. This Order separately examines Defendants' Rule 12(c) motions seeking dismissal of those claims.

A.     Rankin Defendants' Rule 12(c) Motion

Although the Complaint asserts a host of alleged constitutional violations against the Rankin Defendants, Evern refined the scope of his case in his response to their Motion to Dismiss [4]. In it, he states:

> The vast majority of the claims set forth in Mr. Evern[']s Complaint are directed towards Officer Chisholm and The City of Pearl, Mississippi. Mr. Evern's claims against Sheriff Bailey and Rankin County, Mississippi are narrow – injuries sustained while in the Sheriff's custody and failure to provide adequate medical care for those injuries.

Pl.'s Mem. [13] at 3.

As a result, the Court dismisses the Fourth Amendment claims unrelated to events at the Rankin County Jail. In addition, Evern did not respond to the Rankin Defendants' arguments regarding claims based on the Fifth Amendment, the Eighth Amendment, or state law. Accordingly, those claims are likewise dismissed. That leaves two potential claims—failure to protect against injuries while incarcerated and alleged denial of medical care—both of which fall under the Fourteenth Amendment. *See Gutierrez v. City of San Antonio*, 139 F.3d 441, 452 (5th

5

Cir. 1998) (noting that post-arrest claims by pre-trial detainees in state custody fall under the Fourteenth Amendment).

Both of Evern's purported claims are cognizable when properly pleaded. First, the Due Process Clause of the Fourteenth Amendment creates a duty to protect pretrial detainees. *See Hare v. City of Corinth*, 74 F.3d 633, 639 (5th Cir. 1996) (en banc). To establish a failure-to-protect claim, a prisoner must show that he was "incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to [his] need for protection." *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995).

Second, a pretrial detainee has a due-process right to receive reasonable medical care. *See Hare*, 74 F.3d at 650. The right is equivalent to the Eighth Amendment right enjoyed by prisoners. *Id.* Thus, a pretrial detainee seeking to recover for a denial of reasonable medical care must allege deliberate indifference to serious medical needs. *See Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991); *see also Estelle v. Gamble*, 429 U.S. 97, 105 (1976).[2]

In this case, both Fourteenth Amendment claims must be dismissed because they were never pleaded, fail to state a plausible claim, cannot overcome either prong of Bailey's qualified-immunity argument, and fail to show a basis for individual liability or municipal liability.

    1.    Claims Not Found in Complaint

To begin, Evern never pleaded a failure-to-protect or denial-of-medical-care claim. The only averment he made in his Complaint regarding the remaining claims against the Rankin Defendants states: "As a result of his wrongful incarceration, Mr. Evern suffered physical

---

[2] Although Evern never says, the Court assumes he brings an episodic-act case rather than a conditions-of-confinement case. There are no legal or factual allegations suggesting the latter. *See Hare*, 74 F.3d at 645 (explaining standards that apply to the two theories).

injuries, and developed an onset of seizures and even had to be hospitalized." Compl. [1] ¶ 17. Nowhere in his Complaint does he assert that the Rankin Defendants failed to protect him or failed to provide adequate medical care—much less that they did so with deliberate indifference. In fact, the "Deliberate Indifference" claim pleaded in Count I of his Complaint relates entirely to the arrest and Officer Chisholm. *See id.* ¶¶ 18–26. There is no reference to any unlawful acts by the Rankin Defendants, and the only time they are even mentioned is in the prayer for relief. The Fourteenth Amendment claims addressed in Evern's Rule 12(c) response are new.

There are two approaches for addressing a new claim raised in response to a dispositive motion—ignore the new theory or treat it as a motion to amend. *Compare Cutrera v. Bd. of Supervisors of La. State Univ.*, 429 F.3d 108, 113 (5th Cir. 2005) ("A claim which is not raised in the complaint but, rather, is raised only in response to a motion for summary judgment is not properly before the court."), *with Debowale v. US Inc.*, No. 95-20031, 1995 WL 450199, at *1 (5th Cir. July 3, 1995) (per curiam) ("The district court should have construed [the plaintiff's] *Bivens* claim, raised for the first time in his response to the summary judgment motion, as a motion to amend the complaint under [Rule] 15(a) and granted it."). Here, the Court will not construe Evern's response as a never-pleaded motion to amend because, as discussed below, his response reveals that he cannot plausibly plead these new claims against the Rankin Defendants.

2.   Whether Fourteenth Amendment Claims are Plausible

Even assuming these are not new claims, they fail as a matter of law under Rule 12(c). Evern says he suffered injury "[a]s a result of his wrongful incarceration." Compl. [1] ¶ 17. But he never describes the injury and never actually says that the Rankin Defendants caused it, allowed it to happen, failed to treat it, or even knew it existed.

7

Moreover, in an "individual or episodic acts case, a pre-trial detainee must establish that an official acted with subjective deliberate indifference." *Hare*, 74 F.3d at 649. "The deliberate indifference standard is a high one." *Doe v. Dall. Indep. Sch. Dist.*, 153 F.3d 211, 219 (5th Cir. 1998). "To act with deliberate indifference, a state actor must know of and disregard an excessive risk to the victim's health or safety." *Whitley v. Hanna*, 726 F.3d 631, 641 (5th Cir. 2013) (citations omitted, punctuation altered). "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Estate of Henson v. Wichita Cty.*, 795 F.3d 456, 464 (5th Cir. 2015) (citation omitted).

There are no facts in the Complaint approaching this lofty standard, and there is nothing in Evern's response suggesting he could plead such claims. *See, e.g.*, *Jordan v. Brumfield*, 687 F. App'x 408, 415 (5th Cir. 2017) (holding that plaintiff "failed to adequately plead deliberate indifference, which ordinarily requires a pattern of similar conduct"). For this reason alone, the Fourteenth Amendment claims should be dismissed.

### 3. Whether Sheriff Bailey Violated Evern's Rights

Assuming Evern had pleaded constitutional violations, he has not pleaded facts suggesting a plausible claim against Sheriff Bailey in his individual capacity. At most, Evern argues that Bailey is "charged with the responsibility of preventing injuries or attacks to the prisoners under his watch." Pl.'s Mem. [13] at 4 (citing Miss. Code Ann. § 19-25-69). "The Supreme Court, however, has rejected vicarious or respondeat superior liability in § 1983 suits." *Henley v. Edlemon*, 297 F.3d 427, 431 n.6 (5th Cir. 2002) (citing *Monell v. Dep't of Social Servs. of N.Y.C.*, 436 U.S. 658, 691 (1978)). Therefore, a "[s]heriff can only be held liable in his

capacity as a supervisor of the jail for his own unconstitutional conduct." *Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010) (affirming dismissal) (citing *City of Canton v. Harris*, 489 U.S. 378, 385, (1989)); *see also Silva v. Moses*, 542 F. App'x 308, 310 (5th Cir. 2013) (affirming dismissal where plaintiff "alleged no personal involvement by the Warden and the Sheriff in the attack and in the provision, or lack, of medical care"). Nothing in the Complaint or in Evern's Rule 12(c) response suggests a plausible factual basis for finding Sheriff Bailey personally responsible. For this additional reason, the Fourteenth Amendment claims should be dismissed as to Sheriff Bailey.

4. Whether Sheriff Bailey Violated Clearly Established Law

Not only has Evern failed to state a claim that the Rankin Defendants violated his constitutional rights, he has not established the second prong of Sheriff Bailey's qualified-immunity defense—violation of a clearly established law. *Wesby*, 138 S. Ct. at 589. It is telling that Evern could find no binding authority to overcome Sheriff Bailey's qualified-immunity defense. The two cases he cites merely establish the general right to medical care, and one of those actually addresses inapplicable Eighth Amendment standards. Yet "[i]t is [Evern's] burden to find a case" showing that Sheriff Bailey violated clearly established law. *Vann v. City of Southaven*, 884 F.3d 307, 310 (5th Cir. 2018). So even assuming a constitutional violation in which Sheriff Bailey personally participated, Evern has not met his burden on the second qualified-immunity prong. For this additional reason, the individual-capacity claims against Sheriff Bailey fail.

5. Rankin County

Absent a constitutional violation, there can be no claim against Rankin County. In addition, Evern neither pleaded nor demonstrated the capacity to plead the essential elements of municipal liability. "Under the decisions of the Supreme Court and this court, municipal liability under section 1983 requires proof of three elements: a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Piotrowski v. City of Hous.*, 237 F.3d 567, 578 (5th Cir. 2001) (quoting *Monell*, 436 U.S. at 694). Evern offers no facts in his Complaint to address these issues as to Rankin County, and he fails to adequately acknowledge these requirements in his Rule 12(c) response.

In sum, Evern has not pleaded a plausible claim against either Sheriff Bailey or Rankin County. Indeed the only substantive issue he raises in his Rule 12(c) response demonstrates that he bases the claims on Sheriff Bailey's statutory duty to prevent injuries to pretrial detainees. But that is merely a respondeat superior type argument that is not legally cognizable. Accordingly, the Fourteenth Amendment claims against the Rankin Defendants are dismissed.

The final question is whether dismissal should be with leave to amend. In *Jordan*, the plaintiff filed a motion for leave to amend his municipal-liability claim, but the district court refused it. 687 F. App'x at 417. The Fifth Circuit affirmed, noting that "[n]either in the court below nor on appeal has Jordan alleged additional facts that would overcome" the failure to plausibly plead his claim. *Id.* The same is true here. Evern offers no facts suggesting an ability to plead a valid claim, and his central argument is premised on an inapposite legal theory—respondeat superior. The motion to dismiss is therefore granted with prejudice as to the Rankin Defendants.

B.     Pearl Defendants' Rule 12(c) Motion

A threshold question exists as to the Pearl Defendants—which claims does Evern actually pursue against them.    In his Complaint, Evern generally pleaded that the arrest was without probable cause and that Chisholm violated his constitutional rights when he swore out the two affidavits saying he was a felon in possession of a firearm and possessed a stolen firearm.   *See* Compl. [1] ¶¶ 12–14.    The Pearl Defendants now seek dismissal, but their initial memorandum focused on the arrest, whereas Evern's Rule 12(c) response focused entirely on the affidavits. *Compare* Pearl Defs.' Mem. [11] at 6, *with* Pl.'s Mem. [17] at 5.    The Court finds that Evern conceded the Fourth Amendment false-arrest claims and will therefore focus on Defendants' other arguments.

1.     Timeliness of Evern's Response

Evern filed his Rule 12(c) response 31 days late and without first seeking leave under Federal Rule of Civil Procedure 6(b)(1)(B).    The Pearl Defendants therefore urge the Court to disregard it.    It is certainly frustrating when parties fail to meet deadlines or follow the rules. But here, Evern's response actually helps narrow the case because he concedes several issues. Moreover, the portions of the Pearl Defendants' motion that the Court will reject would have been rejected on the merits even if Evern had never responded.    *See* L.U. Civ. R. 7(b)(3)(E) (dispositive motions may not be granted as unopposed); *see also Cannon v. Miss. Dep't of Emp't Sec.*, No. 3:11-CV-428-DPJ-FKB, 2012 WL 2685089, at *2 (S.D. Miss. July 6, 2012) ("Plaintiff filed no response, but that alone will not justify granting Defendant's motion.").    Because the Court must still consider the merits—and because there is no real prejudice—it will accept the late submission.

11

2. Whether Chisholm Is a Proper Party

Evern fails to indicate whether he is suing Chisholm in his individual or official capacity. According to Chisholm, the Court must therefore examine "the course of proceedings" to determine what Evern intended. Pearl Defs.' Mem. [11] at 2 (citing *United States ex rel. Adrian v. Regents of Univ. of Cal.*, 363 F.3d 398, 402–03 (5th Cir. 2004). On that standard, the Pearl Defendants construe the suit as one against Chisholm in his official capacity and say it should be dismissed as redundant of his claims against the City of Pearl. *Id.* at 3 (citing *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985)).

The argument is not persuasive. It seems fairly obvious that Evern asserts an individual-capacity claim against Chisholm given the allegations regarding Chisholm's individual involvement. Under these circumstances, the Court will not infer an infirm official-capacity claim just to dismiss the claims against Chisholm. Finally, even assuming a pleading error occurred, "a plaintiff's failure to meet the specific pleading requirements should not automatically or inflexibility result in dismissal of the complaint with prejudice to re-filing." *Hart v. Bayer Corp.*, 199 F.3d 239, 248 n.6 (5th Cir. 2000) (citation omitted). In other words, this is a simple pleading error that the Court would allow Evern to correct even if dismissal was appropriate.

3. Whether Evern Pleads a Cause of Action

The Pearl Defendants next say the Court should dismiss the Complaint because "[t]he three causes of action listed in Evern's Complaint are not causes of action at all[,] . . . they are legal theories by which a plaintiff may remedy certain constitutional violations." Pearl Defs.'

12

Mem. [11] at 3. For example, Count I of the Complaint is styled, "Deliberate Indifference," which is technically an essential element rather than a cause of action. Compl. [1] at 5.

Evern acknowledges that his Complaint is not a work of art. But "[f]ederal pleading rules call for 'a short and plain statement of the claim showing that the pleader is entitled to relief[]'; they do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 135 S. Ct. 346, 346 (2014) (quoting Fed. R. Civ. P. 8(a)(2)) (reversing decision to dismiss suit because plaintiff premised claim on constitutional violation rather than § 1983). Evern expressly invoked 42 U.S.C. § 1983, which does provide a cause of action. That he mislabeled his counts does not justify dismissal.

### 4. Fifth and Eighth Amendment Claims

Evern provided no response to the Pearl Defendants' motion to dismiss his Fifth and Eighth Amendment claims. The claims are therefore abandoned. Regardless, as Evern was a pretrial detainee in state custody, neither amendment applies. *See Morin v. Caire*, 77 F.3d 116, 120 (5th Cir. 1996) (holding that "Fifth Amendment applies only to the actions of the federal government"); *Estate of Boyd v. Pike Cty.*, No. 5:15-CV-107-HSO-JCG, 2018 WL 1352175, at *6 (S.D. Miss. Mar. 15, 2018) (holding that "[t]he Eighth Amendment protects only those formally convicted of a crime and does not protect pretrial detainees").

### 5. Fourteenth Amendment

The motion as to the Fourteenth Amendment is less clear. According to the Pearl Defendants, Evern's claims against them fall under the Fourth Amendment because they relate to the arrest and because Evern failed to address the Fourteenth Amendment in his Rule 12(c)

response. While it is true Evern did not mention the Fourteenth Amendment in his response, the Court cannot say this was a waiver because he did not mention any constitutional provisions in that brief. Instead, he factually stated that the claim is based on the affidavits, apparently leaving it to the Court to determine which amendment applies. *See* Pl.'s Mem. [17] at 5.

The question, therefore, is whether the affidavits-related claim falls under the Fourth or Fourteenth Amendment, both of which Evern cites in his Complaint. "While the Fourth Amendment protects arrestees, once an arrest is complete, pretrial detainees are protected by the due process clause of the Fifth or Fourteenth Amendments." *Gutierrez*, 139 F.3d at 452.

The point at which "an arrest is complete" is fact intensive and not always clear. *Id.* And in this case, the Complaint and record evidence are insufficient to make that call. Moreover, neither party addresses the issue in their memoranda. While it seems that the Fourth Amendment should apply, *see id.*, the Court is not yet willing to dismiss the Fourteenth Amendment claim in case the affidavits occurred after the arrest was complete. Regardless, this is a labeling issue and not a fatal defect in the Complaint. *See Johnson*, 135 S. Ct. at 346.

6. Fourth Amendment Claims Against the City of Pearl

As noted briefly above, municipalities cannot face vicarious liability under § 1983. *See Monell*, 436 U.S. at 694. "Accordingly, to state a claim against a municipality, the plaintiff must establish three elements: a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Piotrowski*, 237 F.3d at 578 (quoting *Monell*, 436 U.S. at 694).

Here, Evern asserts liability as to the City of Pearl in two ways. First, he says "[i]t is reasonable to conclude that [in filling out the affidavits, Chisholm] was following the policies

14

and practices of the City." Compl. [1] ¶ 28. Next, he asserts that "[i]t is reasonable to conclude that someone within the Pearl Police Department had the responsibility for training and supervising Defendant, Bradford Chisolm [sic]." *Id.* ¶ 31. "Given the facts, it is reasonable to conclude that the John Doe Defendants failed to properly train and supervise Bradford Chisolm [sic]." *Id.* ¶ 33.

This is not enough. Starting with the assertion that Chisholm followed policy, Evern never identifies the policymakers or an actual policy that was the moving force behind the deprivation. *Piotrowski*, 237 F.3d at 578. To the extent he suggests a City policy of swearing out false affidavits, he offers no facts supporting this assertion. To avoid dismissal, Evern was required to plead something other than speculation and conjecture; yet that is all he offers.

The failure-to-train theory fairs no better. A municipality can face § 1983 liability for failing to train its police officers. *World Wide Street Preachers Fellowship v. Town of Columbia*, 591 F.3d 747, 756 (5th Cir. 2009). "To prevail on a 'failure to train theory' a plaintiff must demonstrate: (1) that the municipality's training procedures were inadequate, (2) that the municipality was deliberately indifferent in adopting its training policy, and (3) that the inadequate training policy directly caused the violations in question." *Zarnow v. City of Wichita Falls*, 614 F.3d 161, 170 (5th Cir. 2010) (citation omitted).

As to deliberate indifference, a plaintiff "must show that, 'in light of the duties assigned to specific officers or employees[,] the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers can reasonably be said to have been deliberately indifferent to the need.'" *Littell v. Hous. Indep. Sch. Dist.*, 894 F.3d 616, 624 (5th Cir. 2018) (quoting *City of Canton v. Harris*, 489 U.S. 378,

390 (1989)). And outside the inapplicable single-incident exception, "deliberate indifference generally requires that a plaintiff demonstrate 'at least a pattern of similar violations' arising from training that is so clearly inadequate as to be 'obviously likely to result in a constitutional violation.'" *Burge v. St. Tammany Par.*, 336 F.3d 363, 370 (5th Cir. 2003) (quoting *Thompson v. Upshur Cty.*, 245 F.3d 447, 459 (5th Cir. 2001)). Finally, "a plaintiff must allege with specificity how a particular training program is defective." *Id.* (quoting *Roberts v. City of Shreveport*, 297 F.2d 287, 293 (5th Cir. 2005)).

Here, Evern merely assumes that training was deficient. *See* Compl. [1] ¶¶ 31, 33 ("It is reasonable to conclude" that someone "failed to properly train."). He never identifies the training that was provided; why it was deficient; how the deficiency caused his injuries; or any facts showing a plausible basis for deliberate indifference. The claim must therefore be dismissed. *See, e.g.*, *Peña v. City of Rio Grande City*, 879 F.3d 613, 623 (5th Cir. 2018) (affirming dismissal where plaintiff's complaint "identifie[d] multiple alleged inadequacies in the department's taser-training program" but failed to sufficiently plead deliberate indifference); *accord Jordan*, 687 F. App'x at 415 (holding that plaintiff "failed to adequately plead deliberate indifference, which ordinarily requires a pattern of similar conduct").

As with Rankin County, there remains a question whether dismissal should be with leave to amend, something Evern did not seek through motion. And as before, the Rule 12(c) response offers no hope that Evern could plead plausible facts establishing municipal liability. *See Jordan*, 687 F. App'x at 417 (affirming denial of motion to amend). In his response, Evern says little about the essential elements of municipal liability and never suggests that additional facts are available. Instead, he merely says as to the policy theory: "In his Complaint, Mr.

16

Evern alleges that it is reasonable to conclude that Officer Chisholm was following the policy of the City when he swore out the affidavits in the manner in which he did, thereby leading to his wrongful incarceration." Pl.'s Mem. [17] at 4. As to training, he says: "Chisholm's actions demonstrate an obvious need for training to avoid future violations of other citizens' constitutional rights." *Id.* at 2. These conclusory statements fail to show that Evern could state a plausible claim of municipal liability. The claim against the City of Pearl is therefore dismissed.

### 7. Punitive-Damages Claim Against City of Pearl

The last ruling moots this point, but nevertheless, the parties agree Evern may not seek punitive damages against the City of Pearl. *See* Pl.'s Mem. [17] at 6.

### 8. Individual-Capacity Claims Against Officer Chisholm

As noted above, Evern narrowed his claims in his response and now focuses on Chisholm's affidavits. Accordingly, all Fourth Amendment individual-capacity claims against Officer Chisholm related to the arrest are dismissed as abandoned.[3]

The Pearl Defendants address the affidavits-related claims in four general ways. First, they say the affidavits are required by state law to obtain a post-arrest warrant, so "the constitutional question is whether Officer Chisholm had probable cause in the first instance." Pearl Defs.' Mem. [21] at 4. Second, they submit record evidence suggesting that Chisholm had probable cause for the arrest and therefore the affidavits. *Id.* at 4–6. Third, they say Evern has not cited any authority clearly establishing that the arrest lacked probable cause. *Id.* at 7. And

---

[3] Aside from Evern's concession, the Court is not aware of authority clearly establishing that Chisholm lacked probable cause for the arrest. *See Vann*, 884 F.3d at 310 (holding that plaintiff has burden of finding authority for clearly established law).

finally, they offer evidence from the Jackson Police Department suggesting that—contrary to the Complaint—the firearm was stolen.

These arguments may ultimately prevail, but not yet. To begin, Chisholm should have raised them in his initial memorandum. It was clear from the Complaint that Evern disputed the legality of the two affidavits. *See* Compl. [1] ¶¶ 13, 14. Yet the Pearl Defendants kept their powder dry until rebuttal, which deprived Evern an opportunity to respond. Before any ruling on this claim, the Court would desire briefing from both sides. For that reason, "[i]t is the practice of . . . district courts to refuse to consider arguments raised for the first time in reply briefs." *Gillaspy v. Dall. Indep. Sch. Dist.*, 278 F. App'x 307, 315 (5th Cir. 2008).

In addition, the arguments are largely based on factual disputes with the allegations contained in the Complaint. For example, the Complaint states that "there has never been a hit confirmation on the validity of the firearm." Compl. [1] ¶ 14. Chisholm says that is untrue, and he attaches record evidence indicating that the firearm was stolen and that he was told it was stolen before the arrest. *See* Dispatch Recording [20-1]; Incident Report [20-2]; JPD Incident Report [20-3].[4]

---

[4] The scope of review under Rule 12(c) is generally limited to the pleadings. Nevertheless, "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004). Moreover, "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Tr.*, 500 F.3d 454, 461 n.9 (5th Cir. 2007). These rules would not allow the Court to consider the Dispatch Recording [20-1] Defendants proffered. It would arguably apply to their remaining evidence, but because it was submitted in rebuttal and not attached to the motion, *see Causey*, 394 F.3d at 288, Evern never had an opportunity to challenge its authenticity.

Even considering the *potentially* proper evidence, it would not suggest dismissal under Rule 12(c). For example, the incident report says that the firearm "was found to be stolen on NCIC reported by Jackson Police Department." Incident Report [20-2]. But the Complaint states that the Jackson Police Department "advised holding off on the hit confirmation." Compl. [1] ¶ 11. It also suggests—when viewed under the Rule 12(c) standard—that the gun had never been proven to be stolen. *Id.* ¶ 14.

The same basic thing happened in *Peña v. City of Rio Grande City*, where the "Defendants suggest[ed] that the court must presume the allegations in the police report to be true because Peña incorporated the report into her complaint." 879 F.3d at 620 n.9. But because the plaintiff's "complaint expressly reject[ed] those elements of the police report that conflict[ed] with her account," the court "presume[d] only that the officers made the assertions contained in the report, not that those assertions are in fact truthful." *Id.* Given the Rule 12(c) standard, the Court views this conflict in the light most favorable to Evern.

The submitted evidence may suggest that Evern faces significant hurdles down the road—especially if Chisholm was told Evern was a felon and that the gun was stolen. But it would be unfair to grant the motion on a basis the Pearl Defendants failed to adequately assert in their opening brief. Evern deserves an opportunity to be heard. The motion to dismiss is therefore denied without prejudice as to the affidavits-related claims against Officer Chisholm in his individual capacity. The motion is granted as to the Fourth Amendment arrest-related claims regarding Chisholm.[5]

---

[5] Anticipating that this claim will resurface, perhaps under Rule 56, the Court would desire more briefing from the parties on the impact of the affidavits. For example, are the Pearl Defendants correct in arguing that the constitutional question regarding the affidavits is whether the officer

IV. Conclusion

The Court has considered all arguments; those not specifically addressed would not have changed the outcome. For the foregoing reasons, the Rankin Defendants' Motion to Dismiss [4] is granted, and the Pearl Defendants' Motion to Dismiss [10] is granted as to the City of Pearl, granted in part as to Officer Chisolm, and denied without prejudice as to the affidavits-related claims against Officer Chisolm in his individual capacity. The remaining parties are directed to contact the chambers of United States Magistrate Judge F. Keith Ball within 10 days of the entry of this Order to set the case for a case-management conference.

**SO ORDERED AND ADJUDGED** this the 17th day of September, 2018.

                                        s/ *Daniel P. Jordan III*
                                        CHIEF UNITED STATES DISTRICT JUDGE

---

had arguable probable cause to make the arrest? Similarly, what are the legal ramifications of the after-the-fact evidence suggesting that the gun was stolen? Finally, if the evidence shows that the officer had been informed that the gun was stolen, then is there any liability regarding the affidavit incorrectly stating that he was a felon in possession of a firearm? The Court has done some research on these issues, but it would like to hear from the parties at the appropriate time.